IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CAMERON WOOD                                                        PLAINTIFF

v.                              Case No. 1:19-cv-00081 - KGB

ARKANSAS DEPARTMENT
OF CORRECTIONS                                                     DEFENDANT

ORDER

Before the Court is the motion for judgment on the pleadings filed by defendant Arkansas Department of Corrections ("ADC") (Dkt. No. 5). Plaintiff Cameron Wood responded to the motion (Dkt. No. 9). Also before the Court is Mr. Wood's motion for leave to amend complaint (Dkt. No. 12). For the following reasons, the Court grants Mr. Wood's motion for leave to amend complaint and denies as moot the ADC's motion for judgment on the pleadings (Dkt. Nos. 12, 5).

The Court first addresses Mr. Wood's motion for leave to amend complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of the responsive pleading or a motion under Rule 12(b)(6). After the 21-day period expires, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court should give leave freely when justice so requires, but "parties do not have an absolute right to amend their pleadings . . . ." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

"[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district

court's denial of leave to amend a complaint may be justified if the amendment would be futile."

*Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013).

Mr. Wood seeks to amend his complaint in order to clarify his claims and to add exhibits pursuant to Federal Rule of Civil Procedure 10(c) (Dkt. No. 12, ¶¶ 2, 4).  Mr. Wood also seeks leave to amend his request for damages and to clarify his position and requested relief in regard to the allegations of the ADC's fraudulent behavior (*Id.*, ¶ 5).  The ADC did not respond to Mr. Wood's motion.  There is no evidence that Mr. Wood is guilty of undue delay, bad faith, or a dilatory motive nor is there argument that an amendment to his complaint would be futile.  The Court determines that allowing Mr. Wood to amend his complaint will not unduly prejudice defendants.  Accordingly, the Court grants Mr. Wood's motion for leave to amend complaint (Dkt. No. 12).  The Court directs Mr. Wood to file his amended complaint within 21 days from the date of this Order.

Because the ADC's motion for judgment on the pleadings was directed at Mr. Wood's original complaint and because the Court has now granted Mr. Wood leave to amend his complaint, the Court denies as moot the ADC's motion for judgment on the pleadings (Dkt. No. 5).  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

It is so ordered this 28th day of September, 2020.

Kristine G. Baker
United States District Judge